IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE ROYAL FISHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-189-JJF |
| | ) |
| REBECCA MCBRIDE, THOMAS CARROLL, STAN TAYLOR, MRS. JOHNSON, CINDY W., LIZ, K.F., and JENN, | ) ) ) ) |
| | ) |
|     Defendants. | ) |

**ORDER**

At Wilmington this 4 day of March, 2005;

IT IS ORDERED that:

1. Plaintiff Lee Royal Fisher's Motion For The Appointment Of Counsel is DENIED without prejudice to renew. (D.I. 5.)

Plaintiff, a <u>pro se</u> litigant proceeding <u>in forma pauperis</u>, has no constitutional or statutory right to appointed counsel. See <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3d Cir. 1991); <u>United States v. Roberson</u>, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, a court may seek representation by counsel for a plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [Plaintiff] resulting . . . from [Plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Tabron v. Grace</u>, 6 F.3d 147, 154 (3d

Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)); 18 U.S.C. § 3006A (a)(2)(B)(West 2003)(representation by counsel may be provided when a court determines that the "interests of justice so require"). Having reviewed Plaintiff's Complaint, the Court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by Plaintiff reflect an ability to coherently present his arguments.

    2. The Clerk of the Court shall **administratively close** the above-captioned matter until a decision has been made by the Court in Fisher v. Carroll, Civ. No. 04-206-JJF (D. Del. filed April 5, 2004).

    Plaintiff alleges that he pleaded guilty to robbery in the first degree and possession of a deadly weapon during the commission of a felony on September 15, 1993. (D.I. 2 at 5) Plaintiff further alleges that he was sentenced to ten years at Level V. (Id.) However, on October 1, 1993, he was transferred to the State of New Jersey. (Id.) Plaintiff alleges that the Defendants have violated his constitutional rights by determining that his Delaware sentence began to run on October 31, 2000, the date he was returned to Delaware, rather than on September 15, 1993, the date he was convicted. (Id.) Plaintiff requests that the Court award him compensatory and punitive damages, as well as issue an injunction ordering his immediate release. (Id. at 8)

Plaintiff's Complaint challenges the fact of his conviction or duration of his sentence, and his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

As noted above, Plaintiff has filed a Petition for Writ of Habeas Corpus in this Court, which is still pending. Accordingly, the Court will stay these proceedings pending the resolution of Plaintiff's Petition for Writ of Habeas Corpus. See Melvin v. Nickolopuoulos, 864 F.2d 301, 304 (3d. Cir. 1989)("when a claim clearly sounding in habeas corpus is combined with a § 1983 claim for damages, the district court should not dismiss the § 1983 claim, but instead may, in its discretion, stay the action until state remedies are exhausted in the habeas claim."); see also Tedford v. Hepting, 990 F.2d 745, 749-50 (3d Cir. 1993)(extending rule requiring stay of proceedings to cases where state or federal collateral attacks are pending).

_____
UNITED STATES DISTRICT JUDGE