IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L. ROYAL FISHER, )

        Plaintiff, )

     v. )

REBECCA MCBRIDE, )
THOMAS CARROLL, )
CINDY W., LIZ, K.F., )
JENN, )
GREGORY E. SMITH, )
JANE BRADY, )
      Defendant(s) )

CIVIL ACTION NO. 04-189-JJF

Motion For Leave To File
Supplemental Complaint And
To Add Two Additional
Defendants In Accordance To
F.R.C.P. Rule 15(d)



FILED

OCT 3 1 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

Plaintiff, L. Royal Fisher, Pro se, moves this Court;

1) For the entra of an order pursuant to Rule 19, 20 and 21
of the Federal Rules of Civil Procedure permitting Plaintiff to
add Mr. Gregory E. Smith and Ms. Jane Brady, as defendants in this
cause of action, and directing service of process upon both;

2) For entry of an order pursuant to Rule 15(d) of Federal Rules
of Civil Procedure permitting Plaintiff to file immediately and to
serve upon defendants; Gregory E. Smith and Jane Brady, a supplemen-
tal complaint setting forth certain events which have occurred since
the filing of the original complaint.

In Support Of This Motion, Plaintiff States As Follows:

1. Rule 21 of Federal Rules of Civil Procedures provides in re-
levant part that parties may be added by order of the Court on Motion
of any party at any stage of the action and on such term as are just.

2. Rule 19(a) of Federal Rules of Civil Procedures in relevant
part that a person (or persons) who is subject to service of process
and whose joinder will not deprive the Court of jurisdiction over
the subject matter of the action, shall be joined as a party to the
action if in the parties' absence complete relief cannot be accord-
ed among those already parties, or if under certain circumstances,
the party claims an interest relating to the subject of action.

3. Rule 20(a) of the Federal Rules of Civil Produre provides in relevant part that the persons may be joined in one action as defendants if there is asserted against them a right to relief in respect of a series of occurrences and if any question of law or fact common to all defendants will arise.

4. Rule 15(d) of the Federal Rules of Civil Produre provide in relevant part that upon motion of a party the Court may permit the party to serve a supplemental pleading setting forth events that have happened since the date of the pleading sought to be supplemented.

5. The parties sought to be added as defendants by this motion are subjected to service of process and their joinder will not deprive the Court of jurisdiction over the subject matter of this action.

6. Attached and made part of this motion is a copy of the supplemental complaint proposed to be filed if this motion is granted. The supplemental complaint sets forth events that have happened since the date of the original complaint in this cause. It is probable that the parties sought to be added as defendants will oppose the relief sought in the supplemental complaint and that they will claim an interest relating to the subject of the action under Federal Rule 19(a) (2). The supplemental complaint asserts against the defendants a right to relief arising out of the same series of occurrences and presents questions of law and fact common to all defendants. Accordingly, "It is probable that the relief sought (in the supplemental complaint) cannot be achieved, or can be achieved only partially or conditionally, without (the parties to be joined)." Bradley v. School Board of City of Richmond, Virginia, 51 F.R.D. 139, 141 (E.D.Va. 1970).

WHEREFORE, Plaintiff ask that his motion(s) be granted and that an order be entered in substantially the form attached to this motion.

Respectfully Submitted,

L. Royal Fisher,
Pro se

Date: Oct 27, 2006.

- 2 -

## STATEMENT OF CLAIMS

In addition to the statement of claims found in the original Complaint that Plaintiff is refiling now, he also make the following statements against the two added defendants:

The State of Delaware's constitution requires all Public Officials, members of the Legislature, and all officers, Executives and Judicial shall ... take and subscribe to the following oath or affirmation:

"I do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of Delaware, and that I will faithfully discharge the duties of the office of ......., according to the best of my ability; ....".

The Plaintiff's burden of proof to show Defendants Smith, Brady, Taylor, etc., all entered into a conspiracy against Plaintiff to deny him of his Fifth and Fourteenth Amendment Rights under the U.S. Constitution. Plaintiff offers the following:

42 U.S.C. §1985: In order to show conspiracy, Plaintiff must show two or more people came together to obstruct Justice, which classifies a conspiracy.

## Res IPSA LOQUITOR

The constitution empowers State Officials to decide the fate of Plaintiff. That protection by the constitution insists upon the highest level of Judicial Honesty and Integrity from all state officials entrusted with the constitution. The defendants' "Judicial Power" can never be allowed to be exercised for the purpose of giving effect to the will of expedient, but must always be for the "Purpose of Giving Effect To The Will Of The Law."

This is not a claim of State Officials abusing their discretion, but rather an on going conspiracy by defendants to deny Plaintiff's fundamental constitutional Rights to Due Process and Equal Protection under the law; for which he is guaranteed by the 5th, 8th and 14th Amendments.

It is the duty of the Courts not to give effect to the will of the States' Attorney General's beliefs without proof, but to that of the laws, and belief with proof.

such parole revocation hearing ever took place between 1993-2000, and this was known by the defendants at the time they submitted this false and misleading information regarding same before this Court in their Answer Brief.

Due to the fact the defendants knew Fisher was not on Parole, nor was he returned to N.J. for a parole violation, nor received a parole revocation hearing by the N.J. authorities in 1993 (or any time thereafter), the defendants entered into a conspiracy to submit to this Court the same manufactured, fabricated, falsified and misleading information they submitted to the State Court to obtain the same favorable decision in this Court, in direct violation of Fisher's 5th, 8th and 14th Amendments of his constitutional rights to Due Process, Equal Protection of the Law, and did subject him to Cruel and Unusual Punishment.

## 2.): Conspiracy:

The defendants, acting under the color of the State, did intentionally enter into a conspiracy to deprive Plaintiff-Fisher of his liberty in violation of his 5th, 8th and 14th amendment rights to Dur Process, to be free of Cruel and Unusual Punishment, and Equal Protection of the law. The defendants under the authority of the State Attorney General's office (at the time, Jane Brady), furnished to the State and the U.S. District Court(s) of Delaware, with false and misleading information stating that Mr. Fisher was a) on parole, b) violated his parole, and c) was transferred to N.J. for a fictitious parole violation hearing. The defendants never submitted nor furnished either Courts (State or the U.S.D. Court) with any documents pertaining to or supporting a parole violation, revocation hearing in N.J., because Plaintiff-Fisher was never in fact, on Parole or Probation from N.J. in 1993. *See* $Ex. B-13$ & $B-14$

## 3.): Prosecutorial Misconduct:

The Defendants Smith and Brady denied and deprived Plaintiff-Fisher his 5th, 8th and 14th Amendment Rights of the Constitution to, Liberty, Due Process, and be free of Cruel and Unusual Punishment, and Equal Protection under the Law, by furnishing both the State and U.S. District Court with false and misleading information pertaining to the amount of time Plaintiff was/is to serve under the sentencing order

amount of incarceration time Plaintiff-Fisher was/is to serve under the sentencing order written by Judge T. Henley Graves of the State Superior Court on September 15, 1993.

Defendants Smith and Brady in their answering brief to both Courts, did state the following:

> "He was sentenced that same day to a total of 10 years imprisonment, to be followed by 6 months probation."

The Defendants knowingly supplied this Court and the State Supreme Court with misleading information and half truths, did seek to keep Plaintiff incarcerated several years beyond his pre-determined release date. The defendants were in possession of Plaintiff's sentencing order which clearly states that:

> "The first 6 years of this sentence is a mandatory term of incarceration pursuant to statute 11 Del.C. 144 1447. This sentence is suspended for 6 months at level 2." (Please see exh. "A-1").

### 4.): Mental Anguish:

Due to Plaintiff-Fisher's deprivation of his liberty he was unable to attend his father's wake and/or funeral. In the month of December 2005 Plaintiff was informed by the prison Chaplain that his (Fisher) father had just passed, and Plaintiff was allowed to call home. He spoke with members of his family who were all very up-set over the loss. The family was willing to pay all expenses for Plaintiff to attend either the wake and/or the funeral. Plaintiff wrote to both the Warden (Carroll) and the Commissioner (Taylor) requesting to attend his father's wake and/or funeral. Please see exhs. *B-11, BK* As of this very day Plaintiff has not received the courtesy of a reply from either of the defendants, resulting in Emotional Distress.

### CONCLUSION

Looking at the original and amended Complaint together and/or as a whole, Plaintiff-Fisher believe he have made a prema facie case against all the defendants, etc. The original and amended Complaint have furnished the background for the legal argument, and the magnitude of the offense against Plaintiff-Fisher... continuous incarceration... The Court has been advised of the history of the litigation, the facts of the case, and the issue that is called upon to decide in Plaintiff's favor.

Plaintiff-Fisher is seeking an injunction compelling redress of rights lost, and immediate release pursuant to the original Court sentencing order.

In conclusion, the Court must find that an individual defendant regardless of the nature of their employment, or official status, who acts with invidious, and conspires with one or more defendants to deprive another of clearly established constitutional rights can be held liable under U.S.C. §1985(3).

The jurisdiction of this Court is invoked pursuant to §1983 and §1985 and 28 U.S.C.A. 1441 Thru 1443 which allows the Federal Court to determine all matters of Constitutional Violations against an individual.

1). The Plaintiff seeks this Court's jurisdiction pursuant to 28 U.S.C.A. §1441 Thru 1443.

2). The Plaintiff seeks monetary damages in the amount of $500,000 from each Defendant pursuant to 42 U.S.C. §1983 and U.S.C. §1985.

3). Plaintiff seeks a Preliminary Injunction which would allow him the restoration of his 5th, 8th and 14th Amendments Rights under the U.S. Constitution, and redress of those lost Rights by U.S.C.A. §1441 thru 1443, in this Honorable Court.

The Plaintiff has made a Prima Facie case of conspiracy by each Individual Defendant to deny him his constitutional rights. Therefore, is entitled to this Honorable Court's jurisdiction under §19 83 and §1985.

Dated: _Oct. 27,_ 2006.

Respectfully Submitted,

L...Royal Fisher, Pro-se
Del. Corr. Center
1181 Paddock Road
Smyrna, DE 19977

-15-

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR   NEW CASTLE   COUNTY

| | |
|---|---|
| STATE OF DELAWARE | CR. A. NO.   IN93040452 |
| V. | SENTENCING ORDER |
| LEE R FISHER | ORIGINAL CHARGE:   PDWDCF |
| DOB:        11/24/42 | |
| DEF. I.D.:  93002951 | |
| SBI NO.:    T0565272 | |

ORDER
-----

THIS 15TH DAY OF SEPTEMBER, 1993, IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY COSTS OF PROSECUTION.   COSTS ARE HEREBY SUSPENDED.

EFFECTIVE SEPTEMBER 15, 1993 THE DEFENDANT IS PLACED IN THE CUSTODY OF THE
DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 6 YEARS .

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THAT SENTENCE
WILL BE SUSPENDED UNTIL COMPLETION OF THIS SENTENCE.

THE FIRST 6 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF INCARCERATION
PURSUANT TO STATUTE 11 DEL.C. 1447 .

THIS SENTENCE IS SUSPENDED FOR 6 MONTHS AT LEVEL 2 .

A-1

ORIGINAL CHARGE: ROBBERY 1ST

: LEE R FISHER                 DOB: 11/24/42        
  93002951

) CR.A.NO. IN93040099 IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COSTS OF PROSECUTION.
COSTS ARE HEREBY SUSPENDED.

THE DEFENDANT BE PLACED IN THE CUSTODY OF THE DEPARTMENT OF
:CTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 4 YEARS.

THE FIRST 4 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF
:CERATION PURSUANT TO STATUTE 11 DEL.C. 0813 .

'93 SEP 30 AM 9:3

RECEIVED
PROTHONOTARY

_____
JUDGE
T. HENLEY GRAVES

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LEE R. FISHER,<br><br>    Defendant Below,<br>    Appellant<br><br>v.<br><br>STATE OF DELAWARE,<br><br>    Plaintiff Below,<br>    Appellee | )<br>)<br>)<br>)<br>)<br>) No. 614, 2003<br>)<br>)<br>)<br>)<br>) |

## MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1. In February 1993, Lee Fisher was transferred from New Jersey to Delaware under the Interstate Corrections Compact (Del. Code Ann. tit. 11, §6571) and placed on work release. While in Delaware, Fisher committed a robbery; he was arrested on March 22, 1993 and the grand jury indicted him in April 1993. Super. Ct. ID 93002951DI, Dkt. Item ("DI") 1. On September 15, 1993, Fisher pled guilty to first degree robbery and possession of a deadly weapon during the commission of a felony. DI 9-12. He was sentenced that same day to a total of 10 years imprisonment, to be followed by 6 months probation. DI 25.

2. Following the completion of the Delaware prosecution, Fisher was returned to New Jersey custody on September 30, 1993. Having completed his New Jersey sentence, Fisher was returned to Delaware to serve the September 1993 sentence. In December 2002,

$B-1$

Fisher applied for state habeas corpus, contending that his return to New Jersey in September 1993 violated the terms of the Superior Court sentence and that he should be given credit towards his Delaware sentence for the time he spent in New Jersey. DI 54. Superior Court denied the petition and Fisher's ensuing motion for reargument; on appeal, this Court affirmed that decision. *Fisher v. Carroll*, 2003 WL 1747321 (Del. Mar. 31, 2003) (Ex. A).

3. In November 2003, Fisher filed a petition for a writ of habeas corpus, presenting the same claim that he had presented earlier in the year. Ex. A1-3 to op. brf. Superior Court denied the petition. Ex. A7-8 to op. brf. In light of Superior Court's rejection of the same claim a year before and this Court's subsequent affirmance of that decision, Superior Court's decision is manifestly correct.

4. The judgment of the Superior Court should accordingly be affirmed.

Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French St.
Wilmington, DE   19801
(302) 577-8500
Del. Bar ID 2210

January 13, 2004

B-2

822 A.2d 396 (Table)
Unpublished Disposition

(Cite as: 822 A.2d 396, 2003 WL 1747321 (Del.Supr.))

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.

L. Royal FISHER, Petitioner Below-Appellant,
v.
Thomas CARROLL, Respondent Below-Appellee.

No. 15,2003.

Submitted Feb. 28, 2003.
Decided March 31, 2003.

Petitioner appealed order of the Superior Court, New Castle County, denying his petition for a writ of habeas corpus and motion for reargument. The Supreme Court held that returning petitioner to New Jersey for proceedings in that state prior to serving Delaware sentence did not warrant habeas relief.

Affirmed.

Habeas Corpus ☞526

197k526 Most Cited Cases

Absent evidence that petitioner was incarcerated illegally in either Delaware or New Jersey, returning petitioner to New Jersey was not basis for granting writ of habeas corpus; Interstate Corrections Compact did not prevented states from agreeing that petitioner would be returned to New Jersey for proceedings in that state prior to serving Delaware sentence. 11 Del.C. § 6571.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, C.A. No. 02M-12-009.

Before WALSH, HOLLAND and BERGER, Justices.

ORDER

**1 This 31st day of March, 2003, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The petitioner-appellant, L. Royal Fisher, filed an appeal from the Superior Court's December 9, 2002 and January 6, 2003 orders denying his petition for a writ of habeas corpus and denying his motion for reargument. The State of Delaware, as the real party in interest, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Fisher's opening brief that the appeal is without merit. [FN1] We agree and AFFIRM.

FN1. SUPR. CT. R. 25(a).

(2) In February 1993, Fisher was transferred from New Jersey to Delaware pursuant to the Interstate Corrections Compact [FN2] and placed on work release. He was later indicted by the grand jury for crimes committed while on work release. On September 15, 1993, Fisher pleaded guilty to Robbery in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. He was sentenced to a total of 10 years incarceration at Level V, to be followed by 6 months probation. On September 30, 1993, Fisher was returned to the custody of New Jersey for a determination of whether Fisher had violated probation in that jurisdiction. Once the New Jersey sentence was completed, Fisher was transferred back to Delaware to serve the sentence imposed on September 15, 1993.

FN2. Del.Code Ann. tit. 11, § 6571 (2001). The Superior Court's December 9, 2002 order incorrectly terms it the "Interstate Agreement on Detainers."

(3) In his petition for a writ of habeas corpus in the Superior Court, Fisher claimed, first, that his return to New Jersey in 1993 violated the terms of his Delaware sentence and, second, that he is entitled to credit towards his Delaware sentence for the time he spent incarcerated in New Jersey.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis. [FN3] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment." [FN4] "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment." ' [FN5]

> FN3. *Hall v. Carr,* 692 A.2d 888, 891 (Del.1997).

FN4. Id.

FN5. Id. (quoting Del.Code Ann. tit. 10, § 6902(1)).

(5) The Superior Court correctly determined that there was no basis for a writ of habeas corpus in this case. There is no evidence that Fisher was incarcerated illegally in either Delaware or New Jersey. When an individual has committed crimes in two states, the issue of which has jurisdiction over him at any particular point in time is a matter of comity between the two states. [FN6] The Interstate Corrections Compact, whose purpose is "to provide for the mutual development and execution of ... programs of cooperation for the confinement, treatment and rehabilitation of offenders" between and among the "party states", [FN7] reflects that principle. There is no provision in the Interstate Corrections Compact that would have prevented New Jersey and Delaware from agreeing that Fisher would be returned to New Jersey for proceedings in that state prior to serving the Delaware sentence. Moreover, the record reflects that the sentencing judge was informed by the prosecutor at the sentencing hearing that New Jersey was seeking Fisher's return in order to determine whether Fisher had violated his probation in connection with a previous conviction.

> FN6. *Ponzi v. Fessenden,* 258 U.S. 254, 260-61, 42 S.Ct. 309, 66 L.Ed. 607 (1922).

FN7. Del.Code Ann. tit. 11, § 6571 (2001).

\*\*2 (6) It is manifest on the face of Fisher's opening

brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

822 A.2d 396 (Table), 2003 WL 1747321 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the
Supreme Court of Delaware, hereby certifies that on January
13, 2004, he caused two copies of the attached document to
be placed in the U.S. Mail, first class postage prepaid,
addressed to the following:

Lee R. Fisher
No. 290219
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

B-5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L. ROYAL FISHER,                    )
                                    )
            Petitioner,             )
                                    )
      v.                            )      C.A.No. 04-206-JJF
                                    )
THOMAS CARROLL,                     )
                                    )
            Respondent.             )

### ANSWER

Pursuant to the Rules governing § 2254 Actions, 28 *U.S.C.* foll. § 2254,

Respondent states the following in response to the petition for writ of habeas corpus:

In February, 1993, L. Royal Fisher was transferred from New Jersey to Delaware

under the Interstate Corrections Compact (11 *Del. C.* § 6571) and placed on work release.

While in Delaware, Fisher committed a robbery; he was arrested on March 22, 1993, and

the grand jury indicted him in April 1993. On September 15, 1993, Fisher pled guilty to

first degree robbery and possession of a deadly weapon during the commission of a

felony. He was sentenced that same day to a total of 10 years imprisonment, to be

followed by 6 months probation.

Following the completion of the Delaware prosecution, Fisher was returned to

New Jersey custody on September 30, 1993. Having completed his New Jersey sentence

for violation of parole of a 40 to 45 year sentence, New Jersey authorities returned Fisher

to Delaware to serve his Delaware robbery sentence on October 31, 2000. In December

2002, Fisher applied for state habeas corpus, contending that his return to New Jersey in

September 1993 violated the terms of the Superior Court sentence and that he should be

B - 6

given credit towards his Delaware sentence for the time spent in New Jersey. The
Superior Court denied Fisher's petition and motion for reargument.[1]

Though phrased in various ways, Fisher has presented only one claim for relief in
his petition for writ of habeas corpus: that Delaware must credit him with time served in
New Jersey on his Delaware sentence.[2] Fisher has not challenged the validity of his
Sussex County plea, conviction, or sentence, and he does not contend that the State of
New Jersey lacked jurisdiction over him for a violation of parole stemming from his 1993
Delaware convictions. Instead, Fisher claims that Delaware Truth-in-Sentencing laws
require that he serve his Delaware sentence first, and therefore, when he returned to New
Jersey, he was effectively serving his Delaware sentence out of state. A recent opinion
by the Delaware Supreme Court unequivocally stated that 11 *Del. C.* § 4216(a) governs
only Delaware sentences. *Francis v. State*, 2004 WL 165971 (Del. July 19, 2004) (Ex.
A).

Fisher's claim must fail under 28 *U.S.C.* § 2254(a) as he has failed to demonstrate
that he "is in custody in violation of the Constitution or law or treaties of the United
States." Fisher has attempted to raise constitutional arguments by asserting that failure to
credit time served in New Jersey on his Delaware sentence amounts to a violation of due
process. Fisher's claim is meritless and indistinguishable from the allegations of the
petitioner in *Piercy v. Black*, 801 F.2d 1075 (8th Cir. 1986).

---

[1] The Superior Court erroneously described Fisher's 1993 transfer to Delaware as a result of the Interstate
Agreement on Detainers, when in fact Fisher had been transferred under the Interstate Corrections
Compact. This misunderstanding on the part of the Superior Court in denying Fisher's state petition for
writ of habeas corpus does not fundamentally impact Fisher's instant federal petition for writ of habeas
corpus.

[2] In light of the state habeas proceedings and Fisher's appeal, the issue is exhausted.

2

B-7

The petitioner in *Piercy* was convicted of offenses in the State of Nebraska in 1971. *Id.* at 1077. After serving a portion of his sentence, Piercy was released on parole. Less than four months after his release on parole, Piercy committed new crimes in Nebraska, resulting in a revocation of his parole and additional imprisonment for the new charges. *Id.* Piercy was again paroled in May 1978. Within four weeks of this parole, Iowa authorities arrested Piercy on new criminal charges. *Id.* Piercy pled guilty in Iowa to the new charges and was sentenced to ten years imprisonment. *Id.* Piercy remained in the physical custody of Iowa authorities until April 1979 when he was returned to Nebraska under the Interstate Corrections Compact. *Id.* In April 1981, Nebraska finally sentenced Piercy for violation of parole of his Nebraska sentence. *Id.* After his return to Nebraska, Iowa credited Piercy with time served and discharged him from its sentence in November 1982. *Id.* Consequently, Nebraska did not begin to credit Piercy with time served on his parole violation until November 1982. *Id.*

In rejecting Piercy's petition for writ of habeas corpus, the Eighth Circuit held as meritless both Piercy's full faith and credit argument and his due process argument. The Court of Appeals refused to compel the sentences of separate sovereigns to run concurrently in the absence of a specific decision by one jurisdiction to run its sentence in such a manner and objectively create a liberty interest in concurrent sentencing. *Id.* at 1078. Fisher stands in precisely the same legal posture as did the federal habeas petitioner in *Piercy*. Fisher was paroled from his New Jersey sentence and was serving a work-release component of that sentence in Delaware in 1993 when he committed new crimes. Just as Iowa returned Piercy to Nebraska following his plea to new criminal charges, Delaware returned Fisher to New Jersey after a guilty plea so that New Jersey

3

B-8

authorities could revise the parole violation charge. In *Piercy*, the petitioner served his time on the new criminal charges prior to serving the time for his parole violation, while here Fisher served his parole violation sentence before his sentence for the new criminal charges. These facts, however, are a distinction without a difference. Two separate sovereigns, New Jersey and Delaware, held sentences over Fisher from his 1993 robbery-Delaware for the substantive offense, and New Jersey for the violation of parole stemming from the Delaware robbery. The location in which Fisher physically served each sentence and the order in which he served those sentences are legally irrelevant to the constitutionality of those sentences. Fisher has not alleged that he has served time in excess of those two sentences, rather that Delaware's sentence had to come first, and, according to him, that he has now completed that sentence. As the Eighth Circuit held in *Piercy*, such an argument fails to set forth a violation of the Constitution or laws of the United States, and thus, provides no basis on which to grant a petition for writ of habeas corpus.

No hearing took place on Fisher's state petition for writ of habeas corpus. Transcripts of Fisher's 1993 sentencing in Delaware were prepared. In the event that the Court deems production of the sentencing transcript necessary, Respondent anticipates that production of such transcripts would require 90 days from the issuance of any order by this Court. Respondent has no knowledge of the availability of transcripts of Fisher's New Jersey parole revocation hearing.

4

B-9

Wherefore, Respondent requests that this Court deny L. Royal Fisher's petition

for writ of habeas corpus.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398

Dated: October 4, 2004

5

B-10

Westlaw.

Slip Copy
2004 WL 1656971 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 2004 WL 1656971 (Del.Supr.))

Page 1

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

Supreme Court of Delaware.

William **FRANCIS**, Petitioner Below-Appellant,
v.
**STATE** of **Delaware**, Respondent Below-Appellee.

**No. 8, 2004.**

Submitted May 25, 2004.
Decided July 19, 2004.

Court Below --- Superior Court of the State of Delaware, in and for New Castle County, C.A. No. 03M-12-060.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER

*1 This 19th day of July 2004, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The petitioner-appellant, William Francis, filed an appeal from the Superior Court's December 22, 2003 order denying his petition for a writ of habeas corpus. The respondent-appellee, the State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Francis' opening brief that the appeal is without merit. [FN1] We agree and AFFIRM.

FN1. Supr. Ct. R. 25(a).

(2) In July 1991, Francis pleaded guilty to Conspiracy in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. He was sentenced to a total of 12 years incarceration at Level V, to be suspended after 6 years for probation. After being sentenced by the Superior Court, Francis was sent to federal prison to serve a federal sentence prior to returning to Delaware to serve his state sentences.

(3) In this appeal, Francis claims that he is entitled to immediate release because the Superior Court sentencing order required him to serve his Delaware sentences prior to serving his federal sentence and because the original release date of March 14, 2001 on his Delaware sentences was never changed and has now expired.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis. [FN2] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment." [FN3] "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment .' ' [FN4]

FN2. *Hall v. Carr*, 692 A.2d 888, 891 (Del.1997).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**E**. A

Slip Copy
2004 WL 1656971 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 2004 WL 1656971 (Del.Supr.))

Page 2

FN3. Id.

FN4. Id. (quoting Del.Code Ann. tit. 10, § 6902(1)).

(5) In this case, there is no evidence that the charges to which Francis pleaded guilty were not facially valid or that there was any jurisdictional defect. Moreover, there is no legal support for Francis' argument that he was required to serve his Delaware sentences prior to serving his federal sentence and that he is entitled to immediate release because the expiration date on those sentences has already passed. [FN5] As such, habeas corpus relief is not available to Francis and the Superior Court properly so determined.

> FN5. Del.Code Ann. tit. 11, § 4216(a), which is cited by Francis, governs only Delaware sentences.

(6) It is manifest on the face of Francis' opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. [FN6]

> FN6. In connection with his opening brief, Francis also filed a motion to compel requesting the State to supply him with a copy of each out-of-state case cited in its answering brief on the ground that inmates do not have access to out-of-state cases. Rather than filing an answering brief, however, the State filed a motion to affirm, which is decided on the basis of settled Delaware law. In the absence of any discernible prejudice to Francis due to his

lack of access to out-of-state cases, his motion to compel is denied.

2004 WL 1656971 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATION OF MAILING

The undersigned certifies that on October 4, 2004, he caused the attached *Answer*

to be delivered to the following persons in the form and manner indicated:

L. Royal Fisher
SBI No. 00290219
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

__X__ Two true copies by first class mail, postage pre-paid

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Gregory E. Smith, ID # 3869
Deputy Attorney General
820 North French Street, 7th Floor

Carvel State Building
Wilmington, Delaware 19801

December 13, 2005

TO    : Mr. Thomas Carroll, Warden
        Delaware Corr. Center

FROM :  L. Royal Fisher #290219
        D.C.C. / C-Bldg.

RE    : Request To Attend My Father's Wake or Funeral

Dear Warden Thomas:

    This comes as a request to attend my father's wake or his funeral. I just learned from Rev. Pennell that my father past a way yesterday (12/12/05) while in the hospital. I was allowed to talk with my brother over the phone and he informed me that they were in the process of preparing every thing.

    Sir, I make this request due to the following:

    1. My family will pay for my transportation to and from New Jersey.

    2. N.J. and Del. have an Interstate Compact. So, I will be going into a State in which Del have a compact agreement with.

    3. Del had used the N.J. Dept. Of Corrections to have me transferred from Del back to N.J. in 1993, and again 2000 when I was transferred from N.J. back to Del.

    Therefore, the N.J. Dept. Of Corrections can be utilized by the State of Del in this instant matter once again. As I pointed out earlier, my family will pay for any and all costs.

    As you well know, I have been trying to obtain an Interstate transfer back to either N.J. or Connecticut for the past 3 or 4 years. Each time my request was denied. Why? I donnot know. I am not from Del, never lived in Del and all my life I lived in N.J., all my family is from N.J. If I had been allowed an Interstate transfer back to N.J. I would have been able to spend some valuable time with my father on visits before his pasing. Now I'm deprived of that. He was scheduled to come here on an Honor Visit back in June 0r July but was too ill to make the long drive (ride). Please, allow me this opportunity to see him before he is layed to rest. Thank you.

B-11

December 13, 2005

TO   : Mr. Stan Taylor, Commissioner
       Delaware D.O.C.

FROM : L. Royal Fisher #290219
       D.C.C./C-Bldg.

RE   : Request To Attend My Father's Wake and/or Funeral

Dear Commissioner Taylor:

    This come as a request to be allowed to attend my father's wake
and/or funeral. I was just informed by Rev. Pennell that my father
past away yesterday while in the hospital. I spoke with my family over
the phone, and they were in the process of preparing his funeral.
Mr. Taylor, I make this request for the following:

    1. My family will pay for my transportation to and from the wake
and/or funeral.

    2. N.J. and Del have an Interstate Compact. Therefore, I will be
going to a State in which Del have a Compact Agreement with.

    3. Del had used in the past the N.J. Dept. Of Corrections to
transfer me from Del back to N.J. in 1993, and again, used N.J. to
transfer me from N.J. back to Del in Oct. 2000.

    Therefore, N.J. Dept. Of Corrections can be utilized by the State
of Del once again. As I mentioned earlier, my family will pay all costs.
As you well know, I am from N.J., all my family is from N.J. Further-
more, the N.J./D.O.C. is well aware of me due to the 30 odd years I
spent in the N.J. prison system from 1975 to 2000. Therefore, they would
apply the appropriate security necessary for my transfer and return.

    Your consideration in this request will be most appreciated. Thank
you.

                                        Respectfully Yours,

                                        L. Royal Fisher

B-12



## State of New Jersey

DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO Box 863
TRENTON, NJ 08625-0863

RICHARD J. CODEY
*Acting Governor*

DEVON BROWN
*Commissioner*

July 27, 2005

Lee Royal Fisher 290219
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Fisher:

Reference is made to your letter dated July 5, 2005 regarding your New Jersey parole status.

You were never paroled on the New Jersey sentence, as such, you were never returned for a violation. You maxed out on your New Jersey sentence on October 31, 2000, and were transferred to Delaware.

I trust this answers your questions. Hope you are well.

Very truly yours,

Donna Sweeney-Elrose
Supervising Administrative Analyst
Division of Operations

B-13

L. Royal Fisher
DCC # 290219
1131 Paddock Rd.
Smyrna, DE 19977

July 5, 2005

Ms. Donna Sweeney-Elrose
N.J. Dept. Of Corrections
InterState Correction Compact
P.O. Box 863
Trenton, N.J. 08625

Re: L. Royal Fisher N.J.S. #58038

Dear Ms. Sweeney-Elrose:

This come once again seeking information regarding my Inter-state Compact transfer in 1993.

I just received an order from the Federal District Court deny-ing my Habeas Corpus on the grounds that I was transferred back to N.J. from Del. in 1993 due to a Parole violation. Would you kindly answer the following questions for clarification?

> 1. Was I on Parole or Probation at any time in
>    1993 and specifically while in Del.?
>
> 2. Was I returned to N.J. from Del in 1993 due
>    to a parole or probation violation in N.J.?
>
> 3. Did N.J. ever give me a parole or probation
>    violation hearing at any time between 1993-
>    2000?

Ms. Swnney-Elrose, I know you are finding this repetitively irritating at this point. However, the State of Del and the Courts here are insisting that I was sent back to N.J. by the Del's DOC Commissioner for a parole violation. Please read the U.S.D. Court's Memo Opinion on pages 2 (last para.), 11 (first para.), 14(second para.), 15(footnot 10), and 18(footnote 14) which all refer to a N.J. Parole violation. You know and I know this is not the truth. However, the issue is, what documents or proofs they have or is re-lying on or referring to, for them to reach that conclusion? The fact is, Del wanted me to serve out my N.J. sentence first before I start serving their Del sentence. And in the process, they violed violated the Judge's sentencing order in 1993. All I'm trying to do is get the time I spent in N.J. from 1993 to 2000 to be credited to-ward the Del sentence. They made a mistake and now they are trying to lie their way out of it. So, would you kindly respond to the 3 questions above, so I can appeal the court's ruling on this false and misleading information. I'm fighting hard Ms. Elrose but I"m not giving up. Oh no.

You take care and God bless. Hope to hear from you soon.

B-14

(over)

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) L. Royal Fisher #290219
    (Name of Plaintiff)    (Inmate Number)
Delaware Correction Center

Smyrna, DE. 19977
    (Complete Address with zip code)

(2)_____
    (Name of Plaintiff)    (Inmate Number)

_____
    (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

        vs.

(1) R. McBride, (4) Mrs. T. Johnson

(2) T. Carroll, (5) Cindy W.

(3) S. Taylor, (6) Liz (See Attached)
    (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:
:
: Civil No. 04-0189-JJF
:    (Case Number)
: ( to be assigned by U.S. District Court)
:
:
:
:
: **CIVIL COMPLAINT**
:
:
:
: • • Jury Trial Requested
:
:
:

**I.    PREVIOUS LAWSUITS**

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
    including year, as well as the name of the judicial officer to whom it was assigned:

        No._____

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.  Is there a prisoner grievance procedure available at your present institution?  • • Yes  • • No

B.  Have you fully exhausted your available administrative remedies regarding each of your present claims?  • • Yes  • • No

C.  If your answer to "B" is <u>Yes</u>:

1.  What steps did you take? <u>I wrote to each defendant informing my them of/illegal incarceration beyond the state Court's sentencing order of 9/15/93 (Ex. A-1) Also (Ex.</u>
2.  What was the result? <u>Letters from them denying my release.</u>
(see Ex. A-4, A-8, A-10, A-13, A-15).

D.  If your answer to "B" is <u>No</u>, explain why not: <u>This is not a matter that can be Crieved through the grievance process.</u>

## III.  DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: <u>Rebecca McBride</u>

Employed as <u>Clerk Supervisor - Inmates Records Dept.</u>

Mailing address with zip code: <u>Delware Correction Center (DCC)</u>

<u>1181 Paddock Rd., Smyrna, DE 19977</u>

(2) Name of second defendant: <u>Thomas Carroll,</u>

Employed as <u>Warden</u>   at <u>D.C.C.</u>

Mailing address with zip code: <u>Same as above</u>

(3) Name of third defendant: <u>Stan Taylor</u>

Employed as <u>Commissioner</u>   at <u>Dept. Of Correction (DOC)</u>

Mailing address with zip code: <u>245 McKee Rd., Dover, DE 19904</u>

<u>Please see attached list on page 2a.</u>

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## ADDITIONAL NAMES OF DEFENDANTS:

(7) K.F. (exh. A-10) Inmates Records at M.P.C.J.F. / Gander Hill

(8) Jean  (exh. A-13) Records Dept. D.C.C.

(9)

## Mailing Addresses For Defendants:

1). Rebecca McBride, Supervisor of Inmate Records Dept.
    D.C.C.
    1181 Paddock Rd.
    Smyrna, DE 19977

2). Thomas Carroll, Warden D.C.C.
    Same as above

3). Mrs. T. Johnson, Counselor
    Same as above.

4). Stan Taylor, Commissioner of D.O.C.
    245 McKee Rd.
    Dover, DE 19904

5). K.F. Records Dept. (Gander Hill)
    1301 E. 12th St.
    Wilmington, DE. 19899

6). Jean, Inmates Records Dept.
    D.C.C.
    1181 Paddock Rd.
    Smyrna, DE 19977

7). Liz, Inmate Records Dept.
    D.C.C.

8). Cindy W., Inmate Records Dept.
    D.C.C.

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.  Please see Attachment (page 6) also (pg. 4) &(pg.5).

2.

3.

## V.   RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.  Please see attachment (page 8)

3

STATEMENT OF HISTORY


On or aboutSeptember 2002 I, L. Royal Fisher, Petitioner re-
ceived a copy of his Sentencing Order issued by Judge Henry Graves
on 9/15/93.

Upon receipt of said Sentencing Order of 9/15/93, Petitioner
notified Inmates' Records, Ms. R. McBride here at D.C.C. on 11/19-
/02 concerning the said sentencing order and requested my immedi-
ate release. This was denied on 12/6/02, and I was told my short
term release date was/is 11/15/09.

On or about 11/21/02 Petitioner filed a writ of Habeas Corpus
to the Del New Castle County Superior Court. On or about 12/9/02
Judge Graves denied Petitioner's Habeas Corpus.

On or about 12/19/02 Petitioner filed a Motion for Reargument
before Judge Graves regarding the issues set forth in the original
Habeas Corpus.

## A BRIEF STATEMENT OF FACTS

On or around February 1993 I, L. Royal Fisher, The Petitioner, was transferred to the State of Delaware (Del) by the state of New Jersey (N.J.) under the Interstate Correctional Compact to serve his SENTENCE.

While serving my N.J. sentence in Del under said Interstate Correction Compact, I was arrested on 3/22/93 and charged with rob-BERY 1st. and PDWDF. I was sentenced to a total of $\cancel{4\!\!\!\!4}$ years under the State's Truth In Sentencing Act (TIS) by the state of Del and was committed to the Del D.O.C. that same day.

According to the Interstate Correction Compact, article 5(a) states in part:

> "... but if at the time the sending state (in this case, N.J.) seeks to remove an inmate (in this case, me) from an institution in the receiving state (in this case, Del) there is pending against the inmate within such state any criminal charges or the inmate is formally accused of having committed within such state a criminal offense, the inmate shall not be returne without the consent of the receiving state until discharged from prosecution or other form of proceeding, imprisonment or detention for such offense."

Thus, this petitioner came under the jurisdiction of the state of Del on 3/22/93 once he was arrested and accused of committing a criminal offense within the state of Del, and then committed to the Del D.O.C. on 9/15/93 by way of the Del court sentencing order of 9/15/93.

On or about 10/1/93 upon the request of the state of Del, I the Petitioner was transferred back to the State of N.J. by the state of N.J. officials.

On or about 10/31/2000, Petitioner was returned to the state of Del from the state of N.J. I was placed in D.C.C. at or near Smyrna. I was told by D.C.C. Inmates Records that my Del sentence of 9/15/93 began on 10/31/2000 not on 9/15/93 as specified by the Del court sentencing order of 9/15/93. Please see exhibits A-1, A-2, and A-4.

STATEMENT OF CLAIM

COUNT I

First Cause Of Action
Illegal Imprisonment

1. Plaintiff was housed in Delaware pursuant to Interstate
Corrections Compact with New Jersey.

2. Plaintiff was on work release at the Plummer Work Release
Center.

3. Plaintiff committed a crime on March 22, 1993 which subse-
quently caused him to plead guilty to a first degree robbery pur-
suant to Title 11 Del.C. section 832.

4. Plaintiff was sentenced to a total of 40 years Level 5 ef-
fective September 15, 1993. (See Sentencing Order Exhibit A-1).

5. Plaintiff was sent back to N.J. not sought by the state of
N.J. as is mandated in the Del Interstate Corrections Compact pursuant
to Title 11 Sec. 6571 Article V(a).

6. Based upon the Good-Time the Plaintiff is entitled pursuant
to 11Del. C. sect. 4381 he should have been released approximately
April 10, 1997 or earlier. (Please see exhibits A-4, A-8, A-10 & A-
15).

7. Plaintiff notified the Records Supervisor at Delaware Cor-
rectional Center (DCC), Rebecca McBride, Warden Thomas Carroll, Com-
missioner Stan Taylor all of the Del D.O.C. and Counselor Mrs. John-
son, of the foregoing by letter dated November 19, 2002. (See exhibit
A-3), also (exhibits A-4,A-8,A-10 & A-15).

8. Plaintiff is still being held in at D.C.C. illegally, which
consist of cruel and unusual punishment in violation of his eighth
amendment rights. Sample v. Diecks, 885 F.2d 1099, Haygood v. Younger,
769 F.2d 1350.

COUNT II

Second Cause Of Action
Vicarious Liability

9. Defendants: Stan Taylor, Thomas Carroll, Rebecca McBride and
Mrs. Johnson, at all relevant times were in position to correct the
errors committed in paragraphs #1 through #7 and to release him based

- 6 -

upon the completion of his sentence.

9.  Plaintiff claims that at all times he was under the complete control of the defendants named in paragrph #8 and that they are responsible for the constitutional violations that occurred in paragraphs #1 through #7.

10. Plaintiff has informed defendants of the violations that occured in paragraphs #1 through #7 for their consideration and duty to perform the necessary action to remedy the violations.

RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the Court grant the following re-
lief:

    A. Issue a declaratory Judgement that:

        1. The actions by defendants clearly violated Plaintiff's
           constitutionally protected rights.

        2. Defendants had the authority to act or intervene to pro-
           tect the violation claimed in count I and II.

    B. Issue an injunction Ordering Defendants or their Agents to
       immediately release the Plaintiff from Level V incarceration.

    C. Other relief requested by Plaintiff:

        1. To grant attorney Fees and Court costs.

    D. Award punitive damages in the following amounts:

        1. $10,000.00 jointly and separately against the defendants
           for their wrong conduct of refusing to release Plaintiff
           following his notification of same.

    E. Award compensatory damages in the following amount:

        1. $20,000.00 jointly and separately against defendants for
           their wrong conduct upon Plaintiff, like mental anguish,
           pain and suffering, and loss of potential earned wages.

Date: _March 26,_____ 2004.

L. Royal Fisher
Plaintiff Pro se

2. _____

_____

_____

_____

_____

3. _____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 26 th day of March , 2004 .

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

- 9 -

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | CR. A. NO. IN93040452 |
| V. | SENTENCING ORDER |
| LEE R FISHER | ORIGINAL CHARGE: PDWDCF |
| DOB:       11/24/42 | |
| DEF. I.D.: 93002951 | |
| SBI NO.:   T0565272 | |

**TIS**

ORDER
-----

ᶜ THIS 15TH DAY OF SEPTEMBER, 1993, IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY COSTS OF PROSECUTION.  COSTS ARE HEREBY SUSPENDED.

EFFECTIVE SEPTEMBER 15, 1993 THE DEFENDANT IS PLACED IN THE CUSTODY OF THE PARTMENT OF CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 6 YEARS .

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THAT SENTENCE ALL BE SUSPENDED UNTIL COMPLETION OF THIS SENTENCE.

THE FIRST 6 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF INCARCERATION RSUANT TO STATUTE 11 DEL.C. 1447 .

THIS SENTENCE IS SUSPENDED FOR 6 MONTHS AT LEVEL 2 .

Ex. A-1

ORIGINAL CHARGE: ROBBERY 1ST

E: LEE R FISHER
   93002951

DOB: 11/24/42



TO CR.A.NO. IN93040099 IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COSTS OF PROSECUTION.
COSTS ARE HEREBY SUSPENDED.

THE DEFENDANT BE PLACED IN THE CUSTODY OF THE DEPARTMENT OF
RECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 4 YEARS.

THE FIRST 4 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF
ARCERATION PURSUANT TO STATUTE 11 DEL.C. 0813 .

'93 SEP 30 AM 10:3    RECEIVED PROTHONOTARY

_____
        JUDGE
   T. HENLEY GRAVES

'AC FORM NO. S-4                          PAGE    2 OF    2

R-2

November 19, 2002

TO  :  Ms. R. McBride, Inmate Records

FROM :  L. Royal Fisher SBI#00290219

RE  :  RELEASE DATE (and my three previous letters to you: 7/19/02,
       9/11/02 & 11/25/02)

As your records should indicate I have written to you on
three (3) previous occasions to inquire about the amount of Goodtime
I have earned and my release date based on that earned Goodtime.

I was also informed by the new Counselor, Ms. Johnson that a
copy of the Judge's Sentencing Order dated September 30. 1993 is
there in my files, and you are aware of it. According to the "SAID"
sentencing order Judge Graves commenced my Delaware sentence on 9/15/-
93. Pursuant to Del. Code 11. 4381 my release date should have been
approximately 4/10/02.

As I have not heard from you in response to my three (3) pre-
vious letters, and perhaps I will not receive a response to this one
either, I would like to put you on notice to please make the appro-
priate corrections so as I may be released immediately. I am being
held illegally and in violation of the U.S. Constitution as of this
very date, and will continue to be so until I am released.

L. Royal Fisher

CC:  Mr. Stan Taylor, Commissioner D.O.C.
     Warden Tom Carroll, D.C.C
     Mr. Kevin M. Howard, Esq.
     File

A -3

Date: 12/9/05

Inmate: _Lee J. Fisher_
AKA _Royal Fisher_

SBI#: 290219

Your current short-term release date is: 11/15/2009

Your current parole date is: _____

You did not start serving your Delaware sentence until 10/31/2000, this date is the date that you came back from serving your New Jersey sentence. Your sentence is calculated correctly.

Cindy W.

(H-1)

cc: Inmate file
FORM # 114

July 19, 2002


TO  :  Ms. Rebecca McBride
       Record's Office

FROM:  L. Royal Fisher #290219

RE  :  Good-time Earned

Dear Ms. McBride:

This come to ascertain how much good time have I earned since Oct. 2000 to this very date.

Upon my arrival here on 10/31/2000 I worked in C-Bldg as a Food Cart worker from Nov. to mid December. Around Feb 4th of 2001 I was classified to Green Tree and placed in same on 2/4/2001. I have participated in all the required programs and P.R.P.

I also was assigned to the Clothing Shop around May or June 2001 I worked there until August of 2001. I shall complet my 18 month contract with Green Tree this August. I shall also be graduating from the P.R.P. Victim Sensitivity program in about 3 weeks. Therefore, due to all the programs and work assignments I have and am participating in, could you give me a break-down of how much good time I have earned thus far?

Your time and consideration in this request will be most appreciated. Thank you.


                                          Respectfully Yours,

                                          L. Royal Fisher
                                          L. Royal Fisher


cc: Tom Carroll, Warden



( A-5 )

Sept. 11, 2002

TO  : Ms. Rebecca McBride, Inmates' Records

FROM : L. Royal Fisher #290219 / W-Bldg.

RE  : How Much Good Time Have I Earned Thus Far?

Dear Ms. McBride:

Would you kindly provide me with the following information:

1. I have the following sentence, 6 yrs for FDWDCF which is a minimum sentence only, and a yrs. sentence for 1st Degree Robbery which is a Minimum/Mandatory. Which of these sentences am I presently serving?

2. How much time have I earned since my arrival here on 10/2000? I've worked, participated and completed Greentree, P.R.P., Victim Sensitivities, Child INC., Mental Health, School (Computer Class), Life Skills, and I am now in the C.D.S. class. Based on all the above mentioned programs, how much earned good time have I accumulated as of this date?

Your kind consideration in this request will be most appreciated. Thank you.

Respectfully Yours,

L. Royal Fisher

P.S. Work Assignments:
1. Pantry Worker - C-Bldg. Nov. - Dec. 2000
2. Clothing Shop - May - Aug. 2001
3. Ice Man in V-Bldg. June - Aug 2002

(A-6)

Oct 25, 2002

To : Ms. R. Mc Bride, Inmates' Record
From : L. Royal Fisher #290219 / W-Bldg.
Re : To My Letter Dated Sept 11, 2002 Addressed
To You.

Dear Ms Mc Bride:

This comes to inquire about the above mentioned
letter I sent you on Sept. 11, 2002 requesting information
about the Good Time I have earned since my incar-
ceration here. As of this date I have not recieved
any reply from your office as of this date.
I would you kindly forward to me the information
I requested in the Sept 11th letter? It would be most
appreciated. Thank you.

Respectfully Yours,
L. Royal Fisher

(A-7)



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE WARDEN**
**DELAWARE CORRECTIONAL CENTER**
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 653-2855

## MEMORANDUM

TO:        Inmate L. Royal Fisher
           #290219

FROM:      Thomas L. Carroll    *Thomas L. Carroll*
           Warden

DATE:      December 28, 2001

RE:        Letter

---

This will acknowledge receipt of your letter on December 21, 2001 regarding your goodtime. Please be advised that this matter has been forwarded to Ms. Rebecca McBride for her information, review, and action.

TLC/sw
Cc:    Rebecca McBride , Records Supervisor
       file

(A-9)

2-7-002

TO  :  Ms. Laurie McBride,
        Records' Supervisor - DCC

FROM:  L. Royal Fisher #290219

SUB ::  The Respond I Received From Your
        Officer Dated 1/7/02 Signed By "K.F."

Dear Ms. McBride:

        This comes in respond to a notice from your office dated 1/7/02
which was signature by K.F. and states as follows:

                "From 3/22/93 to 10/1/93 - you were a sentenced
                 inmate at Gander Hill. Not a Detentens."

As I point out in all my previous letters, I was transferred to Del
in 1993 from N.J. on an InterState Compact. While I was here I was
charge with another crime. Once I was so charge by Del, N.J. lost
it's jurisdiction over me pend·ing the out come of the pending charges
according to the Interstate Compact. So, from 3/22/93 to 10/1/93 N.J.
did not have jurisdiction over me. Del did doing that specified period
of time. Therefore, any time I spent while in the jurisdiction of Del
(3/22/93 to 10/1/93) most be credited to my Del sentence.

        Furthermore, I sent you a copy of N.J. correspondence to me re-
garding a break down of my time credit, and they (N.J.) did not give
me credit for the time of 3/22/93 to 10/1/93 which I spent in Grander
Hill. So, if N.J. did not give me that time because I was not under
their jurisdiction doing that time, than the state whoes jurisdiction
I was in fact, under must credit me with said time. I would be more
than happy to set with you and show you the InterState Compact Agree-
ment which clearly addresses the jurisdictional issues in this case.

        Once again, I wish to extend my appreciation for crediting me
with the time referred to herein, and responding to this letter.
Thank you.

cc: Warden T. Carroll,
    D.C.C.

A-9

SPEED LETTER

**TO**

To: Royal Fisher

SB 1 # 290219

**FROM**

Received

**SUBJECT:** Time Credit

**MESSAGE**

From 3/22/93 to 10/1/93 - You were a Sentenced Inmate at Gander Hill, not a Detention

**REPLY:**

DATE 1/7/02     SIGNED RF

FORM #: 535     SEND PARTS 1 & 2 INTACT. PART 2 WILL BE RETURNED WITH REPLY. RETAIN PART 3 FOR FILE.

DATE     SIGNED
(RF)

L. Royal Fisher
DCC #290219
1181 Paddock Rd.
Smyrna, DE 19977

Jan. 3, 2002

Records Dept.
M.P.C.J.F.
1301 East 12th St.
Wilmington, DE 19802

Dear Records Dept.:

This come in request for time I spent in Gander Hill in Pre-trial status from March 1993 to September 1993. A period of 6 months.

I was instructed to write    you for said time credits by the Records Dept. here at Smyrna after writing to them requesting same. A person by the name of Jean from the Records Dept. here sent me a note instructing me to write you and request that you send them that information. I have enclosed a copy of that note for your review.

Your consideration in this request will be most appreciated. Thank you kindly.

Respectfully Yours,

L. Royal Fisher

cc: Jean, Records Dept.
    Smyrna-DCC

(A-11)

A-13

RECORDS DEPARTMENT
MPCJF
1301 EAST 12th ST
Wilmington, DE 19802

CAYE
Dennis HE NEED TO WRITE GH AND
REQUEST THAT THey SEND US the
INFORMATION.
                            Jean

Dear Ms. McBride:

This is my third letter regarding time I spent in Pre-trial
(6 months) in Gander Hill from March to September 1993. As of this
date I have not received a response from your office since my letter
of Sept. 4th and Oct. 26th, 2001 wherein, I submitted documents from
N.J. stating that they did not give me credit for the time I spent
pre-trial at Gander Hill, 6 months.

Again, I hope you received said letters and will be responding to
my Sept. 4th, 2001 letter with said documents enclosed. I can only
hope to hear from you in a reasonable time frame. If not that, I re-
quest an interview with some one from your office to discuss this
matter.

Your response to this letter would be highly appreciated. I thank
you kindly.

Respectfully Yours,

L. Royal Fisher

cc: Warden Carroll
    D.C.C.

A - 12

October 26, 2001

To : Inmates Records

From : L. Royal Fisher #290217 / V-B-3

Re : Good Time Credit

Dear Records :

This is my second letter concerning Good Time Credit which I served while held at Gander Hill between March 1992 to September 1993.

I sent you a letter dated Sept. 4, 2001 with enclosed documents informing you that N.J. never credited me with the above mentioned 6 months. I hope you received said letter. As of this date, I have not received a response from this office. I hope to hear from you in the reasonable near future regarding same. Thank you.

Respectfully,

L. Royal Fisher
L. Royal Fisher

(A-4)

Inmate: Fisher, Lee B.

Date: 11-4-01

SBI#: 290219

Your current short-term release date is: 4-19-2010

Your current parole date is:

Records

If you have good time from Gander Hill you have to get in contact with Gander Hill.

cc: Inmate file

FORM # 114

(A-15)

Liz

```
QCR3 KU5K                    CLIENT STATUS SHEET                    08/16/01
Name:  FISHER, LEE R                              SBI:  00290219
AKA'S:                                   Security Codes:
                                            P&P OFFICER:
                                            DO1 NO OFFICER


Addr:   190 GREEN ST
        ENGLEWOOD, NJ 07631

Race/EO:  B BLACK           NON-HISPANIC      Religion: 17 MUSLIMS
Age: 58     DOB: 11/24/1942 POB: NJ           M/S: 1 SINGLE
Hgt: 508    Wgt: 170        Hair: GRY         Eyes: BRO      Skin: LGT
SMT: TAT R ARM  SC ABDOM

========================= Emergency Information ============================
  FISHER, AMELIA                         Relationship: PARENT (MOTHER OR
  190 GREEN STREET                       Phone: 201-567-4126
  ENGLEWOOD, NJ 07631
========================= Current Status  =============================
Facility:  02 DCC           Commit Status: 11  SENTENCED INMATE
Received:  10/31/2000       Admit Method: 114  FROM COURT COMMITMENT (DIRECT
Sent Date: 09/15/1993                          SUPERIOR COURT
Court No:  IN93040099R2      Judge: GRAVES T/ HENLEY
Pending Chgs:   0            No. Sent:    2  /  Sent Type: 3
Offense: DE 11 0832 00A2 F B ROBBERY 1ST
Orig. Admit Date: 10/31/2000

========================= Sentence Information ==========================
    Statute     NCIC  Cat  Judge          Court                      Case#
ROBBERY 1ST       12   VI  GRAVES T.  NEW CASTLE COUNTY SUPERIOR COU IN93040099R2
PDWDCF            52   VI  GRAVES T.  NEW CASTLE COUNTY SUPERIOR COU IN93040453
========================================================================
                 YYY  MMM  DDD    Date            Effective
Max Full Term     10            04/19/2010       04/21/2000   *** TIS ***
Good Time                       04/18/2010
Balance of Time   10
                                Parole Elig Date:

 Indefinite Life Death No Rehearing Parole Inelig. 4104/4105 Mandatory
                                      X                          X

            Fines         Costs  /    Restitution     .  Bail-
   $              $             $                     $    30,000.00
            Drug Fund    Victim Comp
   $              $
============================ Special Conditions ============================
SC/NCCC - AS TO 9303013197/IN93040453 SENTENCED TO 6 YEARS AT LEVEL 5 MIN/MA
ND.    AS TO 9303013197/IN93040099 SENTENCED TO 4 YARS AT LEVEL 5 MIN/MAND.
RETURNED TO DELAWARE FROM NEW JERSEY TO BEGIN SENTENCE.  CREDIT GIVEN FOR 19
3 DAYS PREVIOUSLY SERVED.
JC


============================ Release Information  ============================
Method                   Date      YYY MMM DDD.D   Released to Whom?

============================================================================
```

$(A-18)$

## 10A:10-3.13 Interstate transfer by order of the Commissioner

(a) Upon issuance of an order by the Commissioner, New Jersey Department of Corrections, Form 822–VI Notice of Emergency Transfer shall be served upon the selected inmate(s) meeting the classification and custody criteria of contracting states offering bed space for lease and/or per diem cost reimbursement. When feasible, Form 822–VI shall be served on the inmate 24 hours prior to the intended transfer, and the notice shall include:

1. The conditions upon which the order by the Commissioner was predicated;

2. The name of the state and the correctional facility to which the inmate shall be transferred;

3. The address of the correctional facility;

4. The security designation of the correctional facility;

5. The custody level of the inmate;

6. The date of transfer;

7. The listing of personal property which may be transferred to the receiving correctional facility;

8. The arrangement(s) for personal property which cannot be transferred to the receiving correctional facility; and

9. Any additional pertinent information.

(b) In emergency situations when time does not permit Form 822–VI Notice of Emergency Transfer to be served upon the inmate 24 hours prior to transfer, Form 822–VI shall be served upon the inmate within 30 days of the transfer.

## 10A:10-3.14 Review of requests from other state compact members for transfer of inmates to New Jersey

(a) Any request from another state or jurisdiction for incarceration of out-of-state inmates in New Jersey shall be forwarded to the Deputy Compact Administrator.

(b) The Deputy Compact Administrator shall ensure that the request contains minimally the information outlined in N.J.A.C. 10A:10-3.8.

(c) The request shall then be forwarded to the appropriate Assistant Commissioner for approval or disapproval.

(d) Upon receipt of the determination of the appropriate Assistant Commissioner, the Deputy Compact Administrator shall determine whether the application and transfer comply with the Interstate Corrections Compact and this subchapter. The requesting state shall then be notified of the decision by the Deputy Compact Administrator.

## 10A:10-3.15 Receiving state acting as agent for sending state

(a) Whenever the duly constituted authorities in a state compact member have entered into a contract with another state compact member and decide that confinement in, or transfer of an inmate to, a correctional facility within the territory of another state compact member is necessary or desirable, said officials may direct the confinement be within a correctional facility within the territory of that state compact member. The receiving state shall act as agent for the sending state.

(b) Inmates confined in a correctional facility pursuant to the terms of the Interstate Corrections Compact shall be, at all times, subject to the legal jurisdiction of the sending state and may, at any time, be removed therefrom for any of the following reasons:

1. Transfer to a prison or other correctional facility within the sending state;

2. Transfer to another correctional facility in a third party compact state in which the sending state may have a contractual or other right to confine inmates;

3. Release on probation or parole;

4. Discharge; or

5. Any other purposes permitted by the Interstate Corrections Compact or this subchapter, provided that the sending state continues to be obligated to such reinbursements as may be required pursuant to the terms of any contract.

(c) Each receiving state shall provide to the sending state regular reports on the inmate(s) that the sending state has in correctional facilities of the receiving state pursuant to the Interstate Corrections Compact.

(d) The regular report shall include a conduct and work record of each inmate and shall be certified to the official designated by the sending state, in order that:

1. Each inmate's record may be reviewed by the designated official in determining and altering the disposition of said sending state; and

2. The report may be a source of information for the sending state.

(e) Any decision of the sending state pertaining to the administration of the terms of the inmate's sentence for which the sending state retains jurisdiction pursuant to the Interstate Corrections Compact shall be conclusive upon and not reviewable within the receiving state.

(f) If, however, at the time the sending state seeks to remove an inmate from a correctional facility in the receiving state and there is a pending criminal charge(s) against the inmate within such state or, if the inmate is formally accused of having committed within such state a criminal offense, the inmate shall not be returned without the consent of the receiving state until discharge from prosecution or other form of proceeding, imprisonment or detention for such offense.

$(A - \mathcal{B})$

August 15, 2001

To : Inmate Records

From : L. Royal Fisher #290219 / V

Sub : Good Time Credits

This comes regarding good time that has not been credited
to my sentence. I was arrested in March 93 and
remain in custody until sentenced in Sept. 93.
That 6 month period was not credited to the 10 year
sentence I received from Judge Graves.

I noticed the omission of this when I looked at my
status sheet. Your correcting this matter will be
most appreciated. Thank you.

Respectfully

L. Royal Fisher
L. Royal Fisher

(A-20)



## State of New Jersey

DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
CN 863
TRENTON NJ 08625-0863

CHRISTINE TODD WHITMAN
*Governor*

**February 24, 1995**

WILLIAM H. FAUVER
*Commissioner*

Lee Royal Fisher, PN#207375
Cheshire Correctional Institution
900 Milldale Ave.
Cheshire, CT  06410

**RE:**  Breakdown of max/credits

Dear Mr. Fisher:

     Per your request:

```
          date of sentence          5-25-76
                                        1d 45y
                                     5-26-2021
     * loct=                         -232 jail credit
     01-05-79   30 days loct         10-6-2020
     11-10-79  180 days loct           -6748  commutation time
     01-25-83   90 days loct         4-16-2002
     0 5-8-83   60 days loct           +1050    loct*
     02-18-85  180 days loct         3-1-2005
     11-22-88  360 days loct           -255  rct
     12-07-88  150 days loct         6-19-2004
               1050     loct           -1088    work *
                                       -46      min
                                     5-12-2001
                                          as of 9-1-94
```

     * work credit not earned in Delaware as a pretrial detainee
       from 3/22/93 - 9/15/93 (date of sentence in Delaware).
       Connecticut work time calculated as a 7/day work week.

                         Very truly yours,

                         Robert Romoser
                         Acting Deputy Compact Administrator
                         Office of Interstate Services

RR:DS:mlm          BY: *Donna Sweeney*
c/file                  Donna Sweeney, Interstate Specialist II
                        (609) 292-9093

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*    A-21



State of New Jersey
**DEPARTMENT OF CORRECTIONS**
WHITTLESEY ROAD
CN 863
TRENTON, NEW JERSEY 08625

WILLIAM H. FAUVER
COMMISSIONER

RICHARD A. SEIDL
DEPUTY COMMISSIONER

January 27, 1994

Lee Royal Fisher   #207375
P.O. Box 100
Somers, CT   06071

**RE:**  Max date/time calculation

Dear Mr. Fisher:

Your letter of 15 December 1993 is hereby acknowledged.

Attached is a hand written calculation accomplished by
Ms. Donna Sweeney of this office.

Please be advised the calculation of PED dates is a Parole
Board responsibility.  At this juncture, given the length
of the computed MAX, projections on future time reductions
are not feasible.

If you have any questions about the calculation as stated,
please advise.

Sincerely,

Deborah A. Hansen
Deputy Compact Administrator
Office of Interstate Services

DAH:mlm
c:   file

Lee Royal Fisher)    58038

5-25-76
1d 45y
5-26-2021
232jc
10-6-2020
6748 ct  (44y 4m 22d)
4-16-2002
1050 LOct
255 rct
6-19-2004
1019 work
46 run
7-20-2001  as 7 9-15-93

pretrial detainee
3-23-93 to 9-15-93 —
no credit

Sweeney
1-21-94

A-24

#### 10A:10–3.13  Interstate transfer by order of the Commissioner

(a) Upon issuance of an order by the Commissioner, New Jersey Department of Corrections, Form 822–VI Notice of Emergency Transfer shall be served upon the selected inmate(s) meeting the classification and custody criteria of contracting states offering bed space for lease and/or per diem cost reimbursement. When feasible, Form 822–VI shall be served on the inmate 24 hours prior to the intended transfer, and the notice shall include:

1. The conditions upon which the order by the Commissioner was predicated;

2. The name of the state and the correctional facility to which the inmate shall be transferred;

3. The address of the correctional facility;

4. The security designation of the correctional facility;

5. The custody level of the inmate;

6. The date of transfer;

7. The listing of personal property which may be transferred to the receiving correctional facility;

8. The arrangement(s) for personal property which cannot be transferred to the receiving correctional facility; and

9. Any additional pertinent information.

(b) In emergency situations when time does not permit Form 822–VI Notice of Emergency Transfer to be served upon the inmate 24 hours prior to transfer, Form 822–VI shall be served upon the inmate within 30 days of the transfer.

#### 10A:10–3.14  Review of requests from other state compact members for transfer of inmates to New Jersey

(a) Any request from another state or jurisdiction for incarceration of out-of-state inmates in New Jersey shall be forwarded to the Deputy Compact Administrator.

(b) The Deputy Compact Administrator shall ensure that the request contains minimally the information outlined in N.J.A.C. 10A:10–3.8.

(c) The request shall then be forwarded to the appropriate Assistant Commissioner for approval or disapproval.

(d) Upon receipt of the determination of the appropriate Assistant Commissioner, the Deputy Compact Administrator shall determine whether the application and transfer comply with the Interstate Corrections Compact and this subchapter. The requesting state shall then be notified of the decision by the Deputy Compact Administrator.

#### 10A:10–3.15  Receiving state acting as agent for sending state

(a) Whenever the duly constituted authorities in a state compact member have entered into a contract with another state compact member and decide that confinement in, or transfer of an inmate to, a correctional facility within the territory of another state compact member is necessary or desirable, said officials may direct the confinement be within a correctional facility within the territory of that state compact member. The receiving state shall act as agent for the sending state.

(b) Inmates confined in a correctional facility pursuant to the terms of the Interstate Corrections Compact shall be, at all times, subject to the legal jurisdiction of the sending state and may, at any time, be removed therefrom for any of the following reasons:

1. Transfer to a prison or other correctional facility within the sending state;

2. Transfer to another correctional facility in a third party compact state in which the sending state may have a contractual or other right to confine inmates;

3. Release on probation or parole;

4. Discharge; or

5. Any other purposes permitted by the Interstate Corrections Compact or this subchapter, provided that the sending state continues to be obligated to such reimbursements as may be required pursuant to the terms of any contract.

(c) Each receiving state shall provide to the sending state regular reports on the inmate(s) that the sending state has in correctional facilities of the receiving state pursuant to the Interstate Corrections Compact.

(d) The regular report shall include a conduct and work record of each inmate and shall be certified to the official designated by the sending state, in order that:

1. Each inmate's record may be reviewed by the designated official in determining and altering the disposition of said sending state; and

2. The report may be a source of information for the sending state.

(e) Any decision of the sending state pertaining to the administration of the terms of the inmate's sentence for which the sending state retains jurisdiction pursuant to the Interstate Corrections Compact shall be conclusive upon and not reviewable within the receiving state.

(f) If, however, at the time the sending state seeks to remove an inmate from a correctional facility in the receiving state and there is a pending criminal charge(s) against the inmate within such state, or if the inmate is formally accused of having committed within such state a criminal offense, the inmate shall not be returned without the consent of the receiving state until discharge from prosecution or other form of proceeding, imprisonment or detention for such offense.

§ 1983 - Civ. Act:
CIV. # 1-04-CV-00189
04-0189-JJF

U. S. District Court For The
District Of Delaware

Certification Of Service

I, L. Royal Fisher, hereby certify that I have served
a true and correct copy of the attached Complaint under the
Civil Rights Act. 42 U.S.C. § 1983, upon the Clerk of the U. S.
D. Court on this 26th day of March, 2004, at:

Office Of The Clerk
U.S. District Court
Lock Bag 18
844 N. King Street
Wilmington, De 19801

Date: 3/26/04

/s/ L. Royal Fisher

(Rev. 4/97)

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

L. Royal Fisher
_____
Plaintiff

V.

Stan Taylor
_____
Defendant(s)

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER: C A 04-0189-JJF

I, L. Royal Fisher _____ declare that I am the (check appropriate box)

☑ Petitioner/Plaintiff/Movant    ☐ Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?    ☑ Yes    ☐ No    (If "No" go to Question 2)

    If "YES" state the place of your incarceration Delaware Correction Center - Smyrna.

    Are you employed at the institution? _No_  Do you receive any payment from the institution? _No_
    _Have the institution fill out the certificate portion of this affidavit and attach a ledger sheet from the_
    _institution(s) of your incarceration showing at least the past SIX months' transactions. The ledger sheet_
    _is not required for cases filed pursuant to 28:USC §2254._

2.  Are you currently employed?    ☐ Yes    ☑ No

    a.  If the answer is "YES" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.  If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | | |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | ☐ Yes | ☑ No |
    | b. | Rent payments, interest or dividends | ☐ Yes | ☑ No |
    | c. | Pensions, annuities or life insurance payments | ☐ Yes | ☑ No |
    | d. | Disability or workers compensation payments | ☐ Yes | ☑ No |
    | e. | Gifts or inheritances | ☐ Yes | ☑ No |
    | f. | Any other sources | ☐ Yes | ☑ No |

    If the answer to any of the above is "YES" describe each source of money and state the amount received AND what you expect you will continue to receive.

# *DELAWARE CORRECTIONAL CENTER*
# *SUPPORT SERVICES OFFICE*
# *MEMORANDUM*

*TO:*    Lee Fisher          *SBI#:* 290219

*FROM:*    Stacy Shane, Support Services Secretary

*RE:*    **6 Months Account Statement**

*DATE:*    March 17, 2004

---

Attached are copies of your inmate account statement for the months of
September 1st 2003 to February 29 July

The following indicates the average daily balances.

| **MONTH** | **AVERAGE DAILY BALANCE** |
|---|---|
| Sept | 11.85 |
| Oct | 5.04 |
| Nov | 7.09 |
| Dec | 3.54 |
| Jan | 12.73 |
| Feb | 8.92 |

***Average daily balances/6 months:***    8.23

*Attachments*

CC:  File

Stacy Shane
3/17/04

J.L. Stuck
3/17/04

# Individual Statement

From 9/1/03 To 2/29/04

NAME  Fisher, Lee A

ACCOUNT ID  00290219

DORM  23

COMMENTS:

| TRANSACTION | DEPOSIT (OR WITHDRAWAL) AMOUNT | RECEIPT | PAYTO | |
|---|---|---|---|---|
| **Transactions For:  09/02/2003** | | | | |
| Wage - 1099 | $17.64 | | 07/24 to 08/23/03 | Balance As Of: 9/2/03    $17.75 |
| **Transactions For:  09/05/2003** | | | | |
| Canteen | ($17.13) | | | |
| Pay to | ($1.06) | | DST/Postage | Balance As Of: 9/5/03    ($0.44) |
| **Transactions For:  09/12/2003** | | | | |
| Mail | $50.00 | | 1071 S Nima | Balance As Of: 9/12/03    $49.56 |
| **Transactions For:  09/18/2003** | | | | |
| Canteen | ($49.44) | | | Balance As Of: 9/18/03    $0.12 |
| **Transactions For:  10/06/2003** | | | | |
| Mail | $25.00 | 4369 | S Nima | Balance As Of: 10/6/03    $25.12 |
| **Transactions For:  10/09/2003** | | | | |
| Canteen | ($17.45) | | | Balance As Of: 10/9/03    $7.67 |
| **Transactions For:  10/17/2003** | | | | |
| Pay to | ($6.00) | | Masjid Muhammad | Balance As Of: 10/17/03    $1.67 |
| **Transactions For:  11/13/2003** | | | | |

NAME  *Fisher, Lee A*
ACCOUNT ID  00290219
DORM  23

From 9/1/03 To 2/29/04

| TRANSACTION | DEPOSIT (OR WITHDRAWAL) AMOUNT | RECEIPT | PAY TO | |
|---|---|---|---|---|
| **Transactions For: 11/18/2003** | | | | |
| Canteen | ($1.66) | | | |
| Mail | $50.00 | 10145 S Nima | | *Balance As Of: 11/13/03* **$0.01** |
| **Transactions For: 11/20/2003** | | | | |
| Canteen | ($41.59) | | | *Balance As Of: 11/18/03* **$50.01** |
| **Transactions For: 12/08/2003** | | | | |
| Pay to | ($6.00) | | Masjid Muhammad | *Balance As Of: 11/20/03* **$8.42** |
| **Transactions For: 12/29/2003** | | | | |
| Canteen | ($2.41) | | | *Balance As Of: 12/8/03* **$2.42** |
| **Transactions For: 01/02/2004** | | | | |
| Mis Wage | $17.46 | 11/24-12/23 Food Serv | | *Balance As Of: 12/29/03* **$0.01** |
| **Transactions For: 01/06/2004** | | | | |
| Canteen | ($11.03) | | | *Balance As Of: 1/2/04* **$17.47** |
| **Transactions For: 01/15/2004** | | | | |
| Canteen | ($6.70) | | | *Balance As Of: 1/6/04* **$6.44** |
| **Transactions For: 01/22/2004** | | | | |
| Mail | $50.00 | 16404 S Nima | | *Balance As Of: 1/15/04* **($0.26)** |
| | | | | *Balance As Of: 1/22/04* **$49.74** |

From 9/1/03 To 2/29/04

NAME Fisher, Lee A
ACCOUNT ID 00290219
DORM 23

| TRANSACTION | DEPOSIT (OR WITHDRAWAL) AMOUNT | RECEIPT | PAY TO |
|---|---|---|---|
| **Transactions For: 01/23/2004** | | | |
| Pay to | ($6.00) | | masjid muhammad |
| | | | *Balance As Of: 1/23/04*    $43.74 |
| **Transactions For: 01/28/2004** | | | |
| Canteen | ($43.71) | | |
| | | | *Balance As Of: 1/28/04*    $0.03 |
| **Transactions For: 02/02/2004** | | | |
| Mis Wage | $12.78 | | 12/24-1/23/04 Food Serv |
| | | | *Balance As Of: 2/2/04*    $12.81 |
| **Transactions For: 02/06/2004** | | | |
| Canteen | ($11.35) | | |
| | | | *Balance As Of: 2/6/04*    $1.46 |
| **Transactions For: 02/19/2004** | | | |
| Mail | $35.00 | 17926 | S Nima |
| | | | *Balance As Of: 2/19/04*    $36.46 |
| **Transactions For: 02/24/2004** | | | |
| Canteen | ($35.46) | | |
| | | | *Balance As Of: 2/24/04*    $1.00 |

Sept. 4, 2001

To : Inmates Records

From: L. Royal Fisher #290219 / V

Re : Status Sheet

Dear D c c Records.

This comes in receipt and in response to, your recent status sheet informing me that the 193 days I was credited with upon my arrival here was given in error because my N.J. sentence was running at the time I was waiting trial and then sentence after pleading guilty to the De charges.

I have enclosed a copy of a letter I recieved from N.J. Interstate Compact dated 1/27/94 with an attached hand written calculation of my time. On the bottom on the left hand side of said calculation sheet it clearly state that no credet was given me between 3-23-93 to 9-15-93. Therefore, contrary to what was stated above, N.J. did not credet me with that time. I heumbly request your recon- sideration in credeting me with that pretrial detainee

(A-16)

R. Royal Fisher
D.O.C. #290219
1181 Paddock Rd.
Smyrna, De. 19977



$ 05.60⁰

U. S. District Court Clerk
Mr. Peter J. Dalles
844 North King Street
Wilmington, Del 19801

Legal Mail

Legal Mail

Legal Mail