IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L. ROYAL FISHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-189-JJF |
| | : | |
| REBECCA MCBRIDE, THOMAS | : | |
| CARROLL, STAN TAYLOR, MRS. T. | : | |
| JOHNSON, CINDY W., LIZ, K.F., | : | |
| and JEAN, | : | |
| | : | |
| | : | |
| Defendants. | : | |

L. Royal Fisher, Pro se Plaintiff.

## MEMORANDUM OPINION

January 12, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff L. Royal Fisher, ("Fisher"), an inmate at the Delaware Correctional Center ("DCC") filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro</u> <u>se</u> and was granted <u>in</u> <u>forma</u> <u>pauperis</u> status pursuant to 28 U.S.C. § 1915. Before the Court are Plaintiff's Motion To Reinstate The Complaint (D.I. 11) and Motion For Leave To File Supplemental Complaint (D.I. 12).

For the reasons discussed below, the Court will grant the motions. Also, the Court will dismiss, without prejudice, the Complaint and Amended Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action on March 29, 2004, in connection with Delaware and New Jersey criminal proceedings. The Complaint and the proposed Amended Complaint which was filed October 31, 2006, contain numerous exhibits.

Plaintiff alleges that in the Delaware criminal proceedings he pled guilty to robbery in the first degree and possession of a deadly weapon during the commission of a felony on September 15, 1993, and was sentenced to ten years at Level V. (D.I. 2) Plaintiff alleges that "by way of the Del court sentencing order of 9/15/93" he was committed to the Delaware Department of

-1-

Correction ("DOC") on September 15, 1993.  A decision by the
Delaware Supreme Court states that on September 30, 1993,
Plaintiff was transferred to the State of New Jersey for a
determination of whether he had violated probation in that
jurisdiction.  (D.I. 12, Ex.  Fisher v. Carroll, 822 A.2d 396,
2003 WL 1747321 (Del. 2003)).  Plaintiff was returned to the DOC
on October 31, 2000, after he served his New Jersey sentence.  He
alleges that Defendants violated his constitutional rights by
determining that his Delaware sentence began to run on October
31, 2000, the date he was returned to Delaware, rather than on
September 15, 1993, the date he was convicted.

    Count I of the Complaint alleges illegal imprisonment, Count
II of the Complaint is entitled "Vicarious Liability" and is
brought against Defendants Stan Taylor, Thomas Carroll, Rebecca
McBride, and Mrs. Johnson.  Plaintiff seeks compensatory and
punitive damages, as well as issuance of an injunction ordering
his immediate release.

    Plaintiff filed a habeas corpus petition shortly after he
filed this civil rights case.  As a result, this Court
administratively closed the civil rights until a decision was
rendered in the habeas corpus case, Fisher v. Carroll, Civ. No.
04-206-JJF.  This Court found that the claims in the habeas
Petition did not warrant federal habeas corpus relief and
declined to issue a certificate of appealability.  Id. at D.I.

-2-

34.   The United States Court of Appeals for the Third Circuit
also denied Plaintiff's request for a certificate of
appealability noting that the habeas petition lacked merit for
the reasons given by the District Court.   <u>Fisher v. Carroll</u>, No.
05-3445 (3d Cir. Oct. 12, 2005).

On October 31, 2006, approximately one year after the ruling
by the Third Circuit, Plaintiff filed a Motion To Reinstate The
Complaint And To Amend The Complaint.   (D.I. 11, 12.)   Plaintiff
seeks to add as defendants Gregory E. Smith ("Smith"), Delaware
Deputy Attorney General, and Mary Jane Brady ("Brady"), the
former Delaware Attorney General.   He also moves to add new
claims of conspiracy pursuant to 42 U.S.C. § 1985, prosecutorial
misconduct, and mental anguish.

More particularly, Plaintiff alleges that Defendants acting
under color of law conspired to deprive him of his Fifth, Eighth,
and Fourteenth Amendment rights under the U.S. Constitution.
Plaintiff alleges that the Defendants acted under the authority
of Brady and furnished false and misleading information that
Plaintiff was on parole, violated his parole, and transferred
Plaintiff to New Jersey for a fictitious parole violation
hearing.

Plaintiff also alleges that Smith and Brady committed
prosecutorial misconduct when they furnished false and misleading
information pertaining to the amount of time he was to serve

-3-

under the sentencing order.  Plaintiff refers to a statement in
an answering brief filed by Smith and Brady indicating that
Plaintiff was sentenced to a total of ten years imprisonment,
followed by six months probation.  Plaintiff alleges that the
statement misstates the amount set forth in the sentencing order.

Finally, Plaintiff alleges that he was deprived of his
liberty interest when he was not allowed to attend his father's
wake or funeral.  Plaintiff alleges that he suffered mental
distress when he wrote for permission to attend the funeral, but
received no response.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  When a
prisoner seeks redress from a government defendant in a civil
action, 28 U.S.C. § 1915A provides for screening of the complaint
by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)
provide that the Court may dismiss a complaint, at any time, if
the action is frivolous, malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief from a
defendant immune from such relief.

Pro se complaints are liberally construed in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The
Court must "accept as true factual allegations in the complaint
and all reasonable inferences that can be drawn therefrom."  Nami

-4-

v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of
Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is
frivolous if it "lacks an arguable basis either in law or in
fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the
claims "are of little or no weight, value, or importance, not
worthy of serious consideration, or trivial." Deutsch v. United
States, 67 F.3d 1080, 1083 (3d Cir. 1995).  Additionally, a pro
se complaint can only be dismissed for failure to state a claim
when "it appears 'beyond doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting
Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.  Habeas Corpus

Count I of the Complaint is framed as an illegal
imprisonment claim, and Plaintiff alleges he is being held
illegally at the DCC.  To the extent that Plaintiff attempts to
challenge his conviction and/or sentence, his sole federal remedy
for challenging the fact or duration of his confinement is by way
of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973).
Furthermore, Plaintiff cannot recover under § 1983 for an alleged
wrongful incarceration unless he proves that the conviction or
sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal
court's issuance of a writ of habeas corpus.  See Heck v.
Humphrey, 312 U.S. 477, 487 (1994).

Exhibits indicate that on September 15, 1993, Plaintiff pled
guilty in the Delaware Superior Court to robbery in the first
degree and possession of a deadly weapon during the commission of
a felony.  Plaintiff was sentenced him to a total of 10 years
incarceration at Level V, to be followed by 6 months probation.
On September 30, 1993, Delaware authorities returned Plaintiff to
New Jersey custody, and Plaintiff remained in New Jersey until
October 31, 2000, where he served his sentence until it expired.
On that date, Plaintiff was transferred to Delaware to begin
serving the Delaware sentence imposed in 1993.  See Fisher v.
Carroll, 822 A.2d 396 (Table), 2003 WL 1747321 (Del. 2003).

In December 2002, Plaintiff sought state habeas corpus
relief in the Delaware Superior Court.  The Delaware Superior
Court denied the petition, and the Delaware Supreme Court
affirmed the Superior Court's decision.  See Fisher, 2003 WL
1747321, at *1.  Plaintiff then sought habeas relief in this
Court in April 2004 when he filed a § 2254 Petition.  This Court
found that Plaintiff's habeas claims did not warrant federal
habeas corpus relief and declined to issue a certificate of
appealability.  Fisher v. Carroll, Civ. No. 04-206-JJF (D. Del.
June 29, 2005), aff'd, Fisher v. Carroll, No. 05-3445 (3d Cir.

-6-

Oct. 12, 2005).

At every turn, the State and Federal Courts concluded that Plaintiff is not entitled to habeas relief and that he is appropriately serving his sentence in the DOC.  Plaintiff has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by Heck.  To the extent Plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. Neitzke, 490 U.S. at 326.  Therefore the Court will dismiss the claim without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B.  Vicarious Liability

Count II of the Complaint, entitled "Vicarious Liability," is brought against Defendants Stan Taylor, Thomas Carroll, Rebecca McBride, and Mrs. Johnson.  Plaintiff alleges these Defendants were in a position to correct errors that kept him incarcerated.  As stated, Plaintiff seeks to hold these Defendants responsible for his imprisonment on the basis of vicarious liability.  Plaintiff's allegations, however, fail to state a claim against these Defendants inasmuch as they cannot be held liable in a § 1983 suit based on a vicarious liability theory.  See City of Canton v. Harris, 489 U.S. 378, 385-90 (1989); Rouse v. Plantier, 182 F.3d 192, 200 (3d Cir. 1999). Therefore the Court will dismisses the vicarious liability claim

-7-

without prejudice, as frivolous pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).

### C.  Conspiracy

The proposed amendment alleges a conspiracy by Defendants
under 42 U.S.C. § 1985.  Plaintiff alleges that the Defendants
acted under the authority of Brady and furnished false and
misleading information that Plaintiff was on parole, violated his
parole, and transferred Plaintiff to New Jersey for a fictitious
parole violation hearing.

To state a claim under § 1985(3) a plaintiff must allege (1)
a conspiracy; (2) for the purpose of depriving, either directly
or indirectly, any person or class of persons of the equal
protection of the laws, or of equal privileges and immunities
under the laws; and (3) an act in furtherance of the conspiracy;
(4) whereby a person is injured in his person or property or
deprived of any right or privilege of a citizen of the United
States.  United Bhd. of Carpenters & Joiners v. Scott, 463 U.S.
825, 828-29 (1983); Griffin v. Breckenridge, 403 U.S. 88 (1971).
Civil rights conspiracy claims that are based only on suspicion
and speculation instead of fact do not state a claim.  See Young
v. Kann, 926 F.2d 1396, 1405 (3d Cir. 1991).  Furthermore, an
actionable conspiracy claim pursuant to 42 U.S.C. § 1985(3) must
include an allegation that the conspiracy was motivated by race
or class-based invidious discrimination.  See Griffin v.

-8-

Breckenridge, 403 U.S. 88, 102-103 (1971).

Plaintiff fails to state a cause of action for conspiracy.
He fails to allege any facts from which one could infer an
agreement or understanding among Defendants to violate his
constitutional rights under § 1983, or to discriminate against
him on account of his race under § 1985.  Therefore the Court
will dismiss the § 1985 claim without prejudice, as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Prosecutorial Misconduct

Plaintiff alleges that Defendants Smith and Brady committed
prosecutorial conduct when, in an answering brief they filed,
they "misstated" the amount of incarceration time Plaintiff was
to serve under a September 15, 1993 Sentencing Order.  As
prosecutors, Smith and Brady have absolute immunity for all
activities relating to judicial proceedings.  See Imbler v.
Pachtman, 424 U.S. 409 (1976).  Indeed, prosecutors are
absolutely immune for all actions performed in a "quasi-judicial"
role.  Id. at 430.  They have absolute immunity for activity
taken while in court, such as the presentation of evidence or
legal argument, as well as selected out of court behavior
"intimately associated with the judicial phases" of litigation.
Id.

Defendants Smith and Brady are immune from suit by reason of
their status as prosecutors.  It is plain from the allegations in

the Complaint that they were acting in their official prosecutorial role, and thus, are protected by immunity from a damages lawsuit for conduct taken throughout Plaintiff's Delaware criminal case.  Finally, to the extent that Plaintiff challenges his conviction or sentence with a claim of prosecutorial misconduct, the appropriate avenue of relief is through direct appeal and exhaustion of his state court remedies, and then, a federal habeas petition rather than a civil complaint under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Based upon the foregoing, the Court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E.  Mental Anguish

Plaintiff alleges a deprivation of liberty when he was not allowed to attend his father's wake or funeral.  He further alleges that he suffered mental anguish and emotional distress when he did not receive a reply to his request for the funeral furlough.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff has no constitutional right to a funeral furlough.  Moreover, Section 1997e(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), prohibits compensatory damages for mental or emotional

injury absent allegations of physical injury.  <u>Allah v. Al-
Hafeez</u>, 226 F.3d 247, 251 (3d Cir. 2000).

Plaintiff has failed to state a § 1983 claim for mental
anguish.  The Court, therefore, will dismiss the claim as
frivolous pursuant to 28 U.S.C.§ 1915A(b)(1) and 1915(e)(2)(B).

**V.    CONCLUSION**

For the reasons discussed above, the Court will grant
Plaintiff's Motion To Reinstate The Complaint (D.I. 11) and
Motion For Leave To File Supplemental Complaint (D.I. 12), and
the Court will dismiss, without prejudice, the Complaint and
Amended Complaint as frivolous pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).  An appropriate Order will be
entered.

-11-